IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: D.B. and G.B. | ) |
| | ) |
| | ) |
| DENLEY BISHOP, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-21-766-D |
| | ) |
| SHANNON BISHOP ABLE, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## ORDER

The Court has received the Petition for Writ of Habeas Corpus [Doc. No. 1] filed by Petitioner Denley Bishop, who appears *pro se*, regarding "children held illegal in state custody, pursuant to [28 U.S.C.] § 2254." *See* Pet. at 1.[1] Upon initial screening of the Petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds that this case cannot proceed as a habeas corpus action and must be dismissed.[2]

Liberally construing Petitioner's *pro se* papers, the Court finds that Petitioner claims her constitutional and statutory rights were violated by state agencies, a Texas judge, and attorneys in a child custody case in Texas state court.[3] Although unclear, it appears that

---

[1] Citations refer to page numbers assigned by the Court's electronic filing system.

[2] Rule 4 requires the assigned judge to promptly examine a § 2254 petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

[3] The Court must liberally construe a *pro se* litigant's filings but cannot act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Petitioner seeks to challenge an order of the Texas court terminating her parental rights and placing her biological children in the custody of, or permitting their adoption by, Respondent Shannon Bishop Able. *See* Pet. at 4-5, 19-20, attach. 2 [Doc. No. 1-2]. Petitioner seeks "enforcement of a child custody order of Stephens County[,] Oklahoma." *See* Pet. at 1; *see also id.* at 15-16; attach. 3 [Doc. No. 1-3]. She alleges that the children are now "in the state custody of Florida." *See* Pet. at 15, ¶ 11; *see also* attach. 1 [Doc. No. 1-1]. The named respondents are Ms. Able, the Texas Department of Child Protection Services, the Oklahoma Department of Child Protection Services, and the Florida Department of Child Protection Services. *See* Pet. at 1. For relief, Petitioner seeks both the return of the children and an award of damages under 42 U.S.C. § 1983. *Id.* at 2 ("Plaintiff is suing under Section 1983"), 4 (pleading is "Section 1983 Complaint"), 11 (requesting money damages), 12 (requesting "the children be returned"), 14-15 (alleging writ of habeas corpus is proper remedy), 16 (requesting order for return of the children), and 20 (same).

The law is clear that a federal habeas corpus action is not available to challenge a state court's child custody decision. *See Lehman v. Lycoming Cnty. Child.'s Servs. Agency*, 458 U.S. 502, 515-16 (1982); *see also id.* at 511 ("The 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas."). Applying *Lehman*, the Tenth Circuit has held that a parent "may not use federal habeas corpus as a vehicle to undo the [state court's] custody decision." *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986); *See Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 436 (10th Cir. 1992) ("A child placed in a foster home

does not meet the 'in custody' requirement of 28 U.S.C. § 2254."). Thus, regardless of the custody status of Petitioner's children (whether adopted or placed in foster care), the Court finds that the Petition fails to state a cognizable claim for habeas corpus relief. Petitioner must proceed, if at all, in a civil rights action under 42 U.S.C. § 1983. Because Petitioner has no viable habeas claim, the Court finds that the Petition should be dismissed without prejudice to filing a civil rights complaint.

Although the Court could liberally construe the Petition as a civil rights complaint, the Court declines to do so for two reasons. First, Petitioner has sued state agencies that are not "persons" within the meaning of § 1983 and are protected by Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Petitioner has also named a private person, Ms. Able, without providing any basis for a civil rights action against her. Only a "state actor" can be held liable under § 1983 for a constitutional violation. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (listing four tests for identifying state actors).

Further, Petitioner paid a $5.00 filing fee for the Petition. *See* Receipt [Doc. No. 2]. To proceed with a civil rights action, a plaintiff must pay a $402.00 filing fee for a civil action or receive permission to proceed without prepayment of the filing fees. *See* 28 U.S.C. § 1914(a); LCvR3.2. Thus, the Court finds that Petitioner should be required to commence a civil rights action under § 1983, if she so chooses, by filing an appropriate pleading and either paying the required filing fee or submitting an application to proceed without prepayment of fees and costs. *See* 28 U.S.C. § 1915(a)(1); LCvR3.3(a).

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE to a future filing. A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED. The denial shall be included in the judgment.

IT IS SO ORDERED this 12th day of August, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge